UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MELISSA PHILLIPS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  Case No. 1:18-CV-01158<br>)  JURY TRIAL REQUESTED |
| ALL INTERIORS, INC.;<br>SOVEREIGN RD PROPERTY<br>MANAGEMENT, LLC; and<br>KATHRYN BUCKLESS,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT

NOW COMES the plaintiff Melissa Phillips, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the following Second Amended Complaint for violation of the Fair Labor Standards Act, New Hampshire RSA 275:43; Breach of Contract; and Conversion.

### I.  **Parties**

1. The plaintiff, Melissa Phillips, is a former employee of the defendants. Ms. Phillips resides at 6 Weymouth Drive, Nashua, NH 03062.

2. The defendant, Kathryn Buckless, exerted operational control over and held ownership interests in All Interiors, Inc. ["All Interiors"] and the defendant Sovereign RD Property Management, LLC ["Sovereign RD"] at all times relevant to this action. The defendant Buckless resides in New Hampshire.

1

3. The defendant All Interiors is a New Hampshire corporation with a principal place of business at 184 Rockingham Road, Londonderry, NH, 03053.

4. The defendant Sovereign RD is a New Hampshire limited liability company with a principal place of business at 5 Ricker Ave., Londonderry, NH, 03053.

## II. Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §216(b). The Court may exercise personal jurisdiction over the defendants because they are residents of New Hampshire.

6. The Court has supplemental jurisdiction over the plaintiff's state law claims as these claims and the plaintiff's FLSA claim arise from her employment with the defendants.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events and omissions giving rise to the plaintiff's claims occurred in New Hampshire.

## III. Facts

### The Employers

8. All Interiors has been in business since 1988. It specializes in commercial and retail interior construction.

9. All Interiors is a multi-million dollar business which has initiated and overseen construction projects in forty-two states.

10. All Interiors employs at least 13 employees, and it earns greater than $500,000 annually in sales.

11. All Interiors employees handle and work with construction goods and materials that have been moved in interstate commerce.

12. At all times relevant to this complaint, Sovereign RD employed at least six employees.

13. Sovereign RD owned, managed, and leased residential and large commercial properties in New Hampshire and Massachusetts.

14. At the time of the allegations made in this complaint, Sovereign RD employees, in the course of maintaining Sovereign RD properties, handled and worked with materials that were moved in interstate commerce.

15. At the time of the allegations made in this complaint, Kathryn Buckless was "President" and "Director" of All Interiors and "Manager" of Sovereign RD.

16. Ms. Buckless had significant ownership interest in All Interiors and Sovereign RD, and supervisory control over the plaintiff's work, work hours, and pay.

17. All Interiors, Sovereign RD, and Kathryn Buckless each and all qualify as covered employers under the FLSA for the purpose of this complaint.

18. Kathryn Buckless, All Interiors, and Sovereign RD operated as a single enterprise and/or joint employer of employees for the purpose of FLSA coverage for the plaintiff.

19. All Interiors maintained and improved properties held by Sovereign RD, to include All Interiors' own primary office location.

20. Sovereign RD provided facilities for All Interiors functions and operations.

21. Sovereign RD paid wages to its employees, but these employees received benefits from All Interiors.

22. All Interiors maintained and improved the multiple private residences of Kathryn Buckless.

23. Kathryn Buckless required employees of Sovereign RD and All Interiors to perform work for her personally, e.g. to care for, manage and maintain her private homes and those of her friends and associates.

24. The defendants thus performed related activities through unified operation or common control, for common business purposes, giving rise to single enterprise coverage of the plaintiff.

**The Employee**

25. The plaintiff, Ms. Phillips, was paid by Sovereign RD, received benefits through All Interiors, and performed work to the benefit of both entities and Ms. Buckless personally.

26. Ms. Phillips' job titles were Housekeeper and Personal Assistant to Kathryn Buckless.

27. In these capacities she regularly employed the instrumentalities of interstate commerce, e.g. she made and received calls for Ms. Buckless, answered emails for Ms. Buckless, performed banking for Ms. Buckless, ordered and received goods sent from outside New Hampshire for use in Ms. Buckless' properties, chauffeured Ms. Buckless through several states, and transported Ms. Buckless' personal property between NH and FL.

28. Ms. Phillips additionally consistently used goods in her personal assistance/domestic service work that were sent from outside of New Hampshire through the channels of interstate commerce.

29. Ms. Phillips thereby qualifies for individual employee coverage under the FLSA.

30. Per 29 C.F.R 552.99, "Congress in section 2(a) of the Fair Labor Standards Act specifically found that the employment of persons in domestic service in households affects

commerce" and thereby such persons are covered by the Fair Labor Standards Act and its rights and protections.

31. In the course of her employ, the plaintiff periodically served as a "live-in" domestic servant, meaning she worked and slept in the defendants' properties for an extended period of time.

32. Ms. Phillips' base rate of pay as of December 12, 2015 was $26.00/hour, making her overtime rate $39.00. Ms. Phillips' base rate of pay, as of December 13, 2016 was $26.50/hour making her overtime rate thereafter $39.75/hour.

33. Per regulation and interpretive guidance under the Fair Labor Standards Act, Ms. Buckless was required to pay Ms. Phillips time and a half her regular rate of pay for her overtime hours worked when she was not "living-in" Ms. Buckless home for an "extended period of time" or 5 or more continuous days. See 29 CFR 785.21-23 and US Department of Labor, Wage and Hour Division Fact Sheet #79B, September 2013.

34. Per regulation and interpretive guidance under the Fair Labor Standards Act, and New Hampshire wage law, RSA 275:43, Ms. Buckless was required to pay Ms. Phillips her regular rate of pay for her overtime hours worked when she "lived in" Ms. Buckless' home for an extended period of time.

**The Employee's Unpaid Overtime Hours**

35. On or about December 12, 2015, after working a 40-hour work week Ms. Phillips was required to drive to Florida for the purpose of performing her work duties for Ms. Buckless in Florida resulting in approximately 38 hours of additional work time.

36. Ms. Phillips was not paid for these work hours and she is accordingly owed $1,482.00 in wages (38 X $39.00).

5

37.     Ms. Phillips' travel time is compensable pursuant to 29 CFR § 785.39.

38.     On or about January 15, 2016 through January 22, 2016, Ms. Phillips was required to live in Ms. Buckless' Florida home for an extended period of time due to Ms. Buckless' severely debilitating illness.

39.     During this period, Ms. Phillips was on-call at all hours of the night, and she did not get a reasonable sleep period.

40.     Ms. Phillips was paid only her regular pay for 40 hours work for this live-in period, leaving 128 work hours unpaid.

41.     Ms. Phillips is thus owed $3,328 for her work hours from January 15 – 22, 2016 (128 X $26.00).

42.     On or about the week of January 28, 2016, Ms. Phillips assisted Ms. Buckless with shopping and errands for approximately six hours beyond her regular work hours.

43.     Ms. Phillips was not paid for these work hours and is owed $234.00 (6 X $39.00) for her work performed.

44.     Between January 2016 and May 2016, Ms. Phillips assisted Ms. Buckless after ordinary work hours, performing such tasks as assisting Ms. Buckless at softball games and other activities, and tending to Ms. Buckless and her guests at dinners and functions. Ms. Phillips also shuttled Ms. Buckless and guests to and from the airport (3 hour round trip) approximately 12 times during this timeframe, resulting in total overtime hours worked of approximately 80 hours.

45.     Ms. Phillips was not paid for these overtime hours worked and therefore is owed $3,120 (80 X 39.00) for her work performed.

46.     On or about the period between May 4 and May 14, 2016, Ms. Phillips again was required to work and live-in Ms. Buckless' home, while Ms. Buckless was being treated for a

serious illness.  During this 10-day period, Ms. Phillips was not paid for 80 hours of work she performed over and above her regular work hours.

47. For this overtime work performed between May 4 and May 14, 2016 Ms. Phillips is owed $2,080 (80 X $26.00)

48. On or about May 15, 2016, Ms. Phillips traveled to and from the Ocala, FL airport to chauffeur Ms. Buckless, resulting in 6 unpaid overtime hours or $234 (6 X $39.00)

49. In June 2016, Ms. Phillips drove from her temporary work assignment in Florida back to her home in New Hampshire resulting in 38 overtime hours for which she was not paid, or $1,482.00 (38 X $39.00).

50. Also in June 2016, Ms. Phillips returned to Florida to care for Ms. Buckless while she was extremely ill for four days.  For this period, Ms. Phillips was not paid for 56 hours of overtime work, equating to $2,184 (56 X $39.00).

51. On December 3, 2016, Ms. Phillips performed 9 hours of overtime work in relation to the All Interiors/Sovereign RD Christmas party, amounting to $351.00 (9 X $39.00).

52. Later in December 2016, Ms. Phillips drove to Florida to perform her work for Ms. Buckless there resulting in 38 hours of unpaid overtime, or $1,510.50 (38 X $39.75)

53. On March 26, 2017, Ms. Phillips worked assisting Ms. Buckless at a memorial softball event resulting in 4 hours of unpaid overtime or $159 (4 X $39.75).

54. In May 2017, Ms. Phillips drove from her temporary work assignment in Florida to New Hampshire, resulting in 38 hours of unpaid overtime, or $1,510.50 (38 X $39.75).

55. In December 2017, Ms. Phillips worked the All Interiors/Sovereign RD Christmas function, resulting in 9 hours of unpaid overtime, or $357.75 (9 X $39.75).

56. Ms. Phillips worked overtime hours on December 3 and 4, 2017 and *was* paid for these overtime hours.

57. Thereafter, Ms. Buckless terminated Ms. Phillips, while she was on leave from work due to disability.

58. Ms. Phillips' unpaid overtime hours, from December 2015 through December 2017, amount to a total of $18,032.75 in unpaid wages.

**The Employers' Willful Violation of the FLSA**

59. 29 USC § 255(a) provides for a three-year statute of limitations in the event of willful violation of the FLSA.

60. NH Wage law provides for a three-year statute of limitations to recover all unpaid wages.  See RSA 275:51

61. Both the FLSA and New Hampshire law permit a plaintiff to recover liquidated damages in an amount equal to her unpaid wages upon a finding that the employer willfully violated wage law.  See Chen v. C & R Rock Inc., et al, 2016 WL 1117416 (D.N.H  March 22, 2016)(citing 29 U.S.C. § 216(b); RSA § 275:44, IV).

62. "Willful violation" occurs when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." See McLaughlin v. Richland Shoe Co., 486 US 128 (1988).

63. Evidence of an employer's payment of overtime pay in accordance with the requirements of the FLSA demonstrates "knowledge or reckless disregard" for the purpose of determining willful violation of the FLSA when the employer later fails to pay.  See Reich v. Newspapers of New England, Inc. 44 F.3d 1060 (1st. Cir. 1995)

64. Evidence of an employer's failure to maintain adequate employee records pursuant to the requirements of the FLSA (29 U.S.C. § 211(c)) is also a strong indication of willfulness. See Chen v. C & R Rock Inc., et al, 2016 WL 1117416 (D.N.H March 22, 2016).

65. The defendants paid Ms. Phillips for her overtime worked on December 3 and 4, 2017.

66. The defendants additionally regularly paid Ms. Phillips' co-worker, Richard Gallien, approximately 2.5 hours of overtime each week.

67. The defendants recorded Ms. Phillips regular work hours but failed to record any overtime hours worked by Ms. Phillips.

68. Ms. Phillips complained to Ms. Buckless that she was working many overtime hours which were not documented or paid.

69. Ms. Buckless responded to the effect of "don't worry about it, I will make it up to you," indicating her knowledge that she owed Ms. Phillips wages for overtime work performed and her subsequent willful failure to pay the wages.

70. Ms. Phillips is therefore owed an additional amount of $18,032.75 as liquidated damages.

**Breach of Contract and Conversion**

71. As of April 2016, Ms. Phillips had worked for Ms. Buckless for 5 years, which work required her to travel between New Hampshire and Florida and to leave her family behind in New Hampshire for extended periods of time.

72. During this period, from approximately April 2011 to April 2016, Ms. Phillips worked hundreds of hours of overtime for which she was not paid.

9

73. In or around April 2016, Ms. Buckless offered to purchase for Ms. Phillps a home in Poinciana, Florida in consideration of Ms. Phillips' loyalty and service over the previous five years, her back wages unpaid during the five-year period, and future work which she would be required to perform, <u>unpaid</u>, but to the benefit of Ms. Buckless and the defendants.

74. Ms. Phillips accepted Ms. Buckless' offer, to purchase for Ms. Phillips' ownership real property in consideration of her past and future unpaid work.

75. Ms. Phillips and her daughter along with a realtor viewed and selected 319 Belltower Crossing in Poinciana, FL ["the Poinciana property"] for purchase by Ms. Buckless.

76. On April 25, 2016 Ms. Buckless purchased the home for $149,000. <u>See Exhibit 1.</u>

77. With Ms. Buckless' knowledge and endorsement, Ms. Phillips took possession of the home.

78. Ms. Buckless memorialized Ms. Phillips' ownership of the home in a birthday card she delivered to Ms. Phillips, stating to the effect of "congratulations on being a first-time home-owner."

79. Ms. Buckless promised to transfer title and deed to the Poinciana property to Ms. Phillips, but failed to do so.

80. Ms. Phillips continued to work from April 2016 to December 2017 without being paid for her overtime hours worked, and without seeking to recover her overtime wages due, in reliance on Ms. Buckless' oral promise that Ms. Phillips owned the Poinciana property.

81. In February 2018, Ms. Buckless terminated Ms. Phillips while Ms. Phillips was in New Hampshire, recovering from surgery and on disability leave.

82. Ms. Phillips was informed of her termination by a COBRA letter sent to her home, announcing in the first instance that she was no longer employed by the defendants.

83. In or around May 2018, Ms. Phillips learned that Ms. Buckless intended to sell the Poinciana property.

84. Ms. Phillips sent Ms. Buckless a text message on May 5, 2018, asserting *Ms. Phillips'* ownership of the Poinciana property and the personal property in it, and further asserting that none of Ms. Phillips' real or personal property should be sold.  See Exhibit 2.

85. Ms. Buckless read the text message, but failed to respond or communicate in any way with Ms. Phillips about it.

86. On May 25, 2018, Ms. Buckless proceeded to sell the Poinciana property to another party for $154,000.  See Exhibit 3.

87. Ms. Buckless returned to Ms. Philllips *some* of her personal property, which had been stored in the Poinciana property and which was of little value (e.g. towels, bedding and clothing).

88. Ms. Buckless failed, however, to deliver to Ms. Phillips' her valuable items, such as bicycles, several gift cards, and a wheel chair.

### **COUNT I – FLSA Violation (Against All Defendants)**

89. The allegations of the preceding paragraphs are re-alleged and incorporated herein.

90. The plaintiff was engaged in interstate commerce for all periods of her employment with the defendants and was therefore individually covered under the FLSA.

91. The defendants, and each of them, were engaged in interstate commerce, and had gross annual volumes of business done in excess of $500,000.00, for all times relevant to this

action and therefore constituted covered employers pursuant to the principles of enterprise coverage.

action and therefore constituted covered employers pursuant to the principles of enterprise coverage.

92. Ms. Buckless is a covered employer of the plaintiff where she had operational control over significant aspects of her businesses and exclusive ownership interest in the businesses. See Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 678 (1st Cir. 1998).

93. 29 U.S.C. § 207 (a)(1) of the Fair Labor Standards Act makes it unlawful for an employer to fail to pay its employee "less than one and one-half times the regular rate at which he is employed" for hours worked in a workweek over forty.

94. From December 2015 to December 2017, the defendants, with knowledge and reckless disregard for their obligation to pay Ms. Phillips her overtime wages due, failed to pay the wages.

### COUNT II – RSA 275:43 Violation (Against All Defendants)

95. The allegations of the preceding paragraphs are re-alleged and incorporated herein.

96. NH RSA 275:43 provides that every employer must pay all wages due to employees, for work hours performed.

97. Ms. Buckless is an "employer" liable under New Hampshire law for Ms. Phillips' unpaid wages where Ms. Buckless is an officer of Sovereign RD and All Interiors and she knowingly permitted these entities to violate the state's wage provisions. See e.g. Richmond v. Hutchinson, 829 A.2d 1075, 1078 (N.H. 2003).

98. From December 2015 to December 2017, the defendants failed to pay Ms. Phillips her wages due for overtime hours worked as a live-in domestic employee, despite knowing that the wages were due and owing and having the ability to pay them.

### COUNT III – Breach of Contract (Against All Defendants)

99. The allegations of the preceding paragraphs are re-alleged and incorporated herein.

100. Ms. Buckless, for herself and for the benefit of All Interiors and Sovereign RD, entered into a valid contract with Ms. Phillips, to purchase for Ms. Phillips' ownership the real property at 319 Bell Tower Crossing, Poinciana Florida in exchange for Ms. Phillips' past and future unpaid wages as consideration.

101. The oral contract is withdrawn from the statute of frauds and is enforceable where Ms. Phillips performed unpaid work and did <u>not</u> seek to recover her unpaid wages in reliance on the oral contract for her ownership of the real property.  See e.g. <u>Tsiatsios v. Tsiatsios</u> 140 NH 173, 174 (1995).

102. Ms. Phillips is entitled to the value of the Poinciana property given to her under the contract, at the time it was given, or $149,000 plus interest.

103. Alternatively, Ms. Phillips should be paid $149,000 plus interest in quantum meruit for her unpaid wages from April 2011 to December 2017.  <u>See id.</u>

### COUNT IV - Conversion/Trover (Against All Defendants)

104. The allegations of the preceding paragraphs are re-alleged and incorporated herein.

105. The parties performed pursuant to the oral contract between them and Ms. Phillips became owner of the Poinciana property.

106. A conversion consists of an illegal control of the thing converted, inconsistent with the plaintiff's right of property.  <u>Woodman v. Hubbard</u>, 25 NH 67 (1852).

107. In a trover action for property converted, the value of the property at the time of the conversion (with interest after) is in general the measure of damages. <u>Gove v. Watson</u>, 61 NH 136 (1881).

108. Ms. Buckless, for herself and on behalf of the Defendants, took illegal control over Ms. Phillips' personal and real property when she sold Ms. Phillips' Poinciana home to a third party for $154,000 on May 25, 2018.

109. Ms. Phillips is therefore entitled to the value of her real property at the time it was converted plus interest, or $154,000 plus interest.

110. Ms. Phillips is also entitled to the value of her converted personal property plus interest.

111. Ms. Phillips is further entitled to enhanced compensatory damages for the defendants' wanton, malicious, or oppressive actions with regard to her real and personal property.

112. The Defendants *knew* that Ms. Phillips was asserting her legitimate ownership interests in the Poinciana property and her personal property, <u>see Exhibit 2,</u> yet the defendants' willfully or with reckless disregard to these interests sold the real property, and either retained or disbursed Ms. Phillips' personal property.

WHEREFORE Ms. Phillips respectfully requests that this honorable court:

A) Schedule this matter for trial by Jury;

B) Find the Defendants liable for violations of the FLSA and NH wage law, and for breach of contract and conversion;

C) Award the Plaintiff her wage losses;

D) Award the Plaintiff the value of her work in quantum meruit;

E) Award the Plaintiff the value of her real and personal property which the Defendants converted;

F) Award the Plaintiff interest;

G) Award the Plaintiff liquidated damages;

H) Award the Plaintiff enhanced compensatory damages;

I) Award the Plaintiff her attorney's fees; and

J) Award the Plaintiff such other relief as the Court deems just, equitable or proper.

Dated:  August 1, 2019

                                        Respectfully submitted,
                                        MELISSA PHILLIPS
                                        By her attorneys
                                        DOUGLAS, LEONARD & GARVEY, P.C.

                                        /s/ Megan E. Douglass
                                        Megan E. Douglass, NH Bar #19501
                                        14 South Street, Suite 5
                                        Concord, NH 03301
                                        (603) 224-1988
                                        mdouglass@nhlawoffice.com